```
                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

ABDULRAHIM RAYA,                :
                                : No. 1:05-CR-00025(14)
    Petitioner,               : No. 1:07-CV—00378
                                :
                                :
  v.                            : **OPINION AND ORDER**
                                :
                                :
UNITED STATES OF AMERICA,       :
                                :
    Respondent.               :
                                :

       This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence (doc. 383), and the United States' Response in Opposition (doc. 385). For the reasons indicated herein, the Court DENIES Petitioner's Motion and DISMISSES this case from the Court's docket.

       On May 3, 2005, Petitioner pled guilty to fraud in connection with identification documents (doc. 385). The Court sentenced Petitioner on July 26, 2005, to a term of time served and two years of supervised release (Id.). The Court advised Petitioner at sentencing that he could ask the clerk to file a notice of appeal within ten days; Petitioner therefore had until August 9, 2005, to file a timely notice, which he did not do (Id.). Petitioner filed the instant motion to vacate sentence on May 14, 2007 (Id.).

       In his motion Petitioner contends that throughout the

change of plea hearing he had extreme difficulty understanding and communicating with the court interpreter as well as understanding the Judge (doc. 383). Despite answering every question the Court posed, Petitioner maintains he believed that all statements and questions were addressed to the court-appointed interpreter and not to him (Id.). According to Petitioner, he was constantly looking at the interpreter in a state of confusion and the interpreter would instruct him to answer "Yes" or "No," even though Petitioner allegedly tried to explain that he did not understand any of the questions (Id.). Furthermore, Petitioner argues that this breakdown in communication caused him to feel pressured to answer the questions affirmatively or negatively (Id.). According to Petitioner, the Court should not accept his guilty plea because he did not voluntarily, knowingly, and intelligently waive his rights (Id.).

Petitioner attempts to justify his filing the motion late under 28 U.S.C. §2255 ¶6(4), which allows for the filing of a motion within one year of the date that the facts supporting the claim could have been discovered through the exercise of due diligence (Id.). Petitioner maintains his claim is in fact supported by new evidence that he was only able to uncover after the date of his sentencing and that he filed his motion within a year of the date of his discovery (Id.).

In response, the government argues that Petitioner's

2

motion to vacate, set aside, or correct sentence is untimely, and argues the Court should reject Petitioner's theory that the alleged problems with his interpreter constitute newly discovered evidence (doc. 385). According to the government, Petitioner was well aware of any communication problems on the date of his plea hearing, and therefore the purported incompetent translation does not constitute new evidence (Id.). In the government's view, Petitioner's motion had to have been filed within one year after his sentence became final (Id. citing Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004)). In this case, argues the government, Petitioner's sentence became final on August 9, 2005, when he did not appeal the judgment (Id.). Accordingly, the government contends that Petitioner had until August 9, 2006, to file the instant motion, and he was therefore nearly a year late in filing it (Id. citing 28 U.S.C. § 2255).

Though the government argues it is not necessary to reach the merits of Petitioner's claims, it addresses them nonetheless (Id.). The government contends Petitioner does not proffer any evidence that the court-appointed interpreter incorrectly translated any words; he does not cite to any evidence in the record that his answers were unresponsive; and, finally, that the Court observed Petitioner's demeanor during the plea hearing and accepted his plea of guilty thereafter (Id.). The government concludes that because Petitioner failed to provide any substantial

evidence to support his claims, they are without merit (Id.).

Having reviewed this matter, the Court finds the government's position well-taken that Petitioner filed his motion too late.  If Petitioner had any communication problems, he would have had full knowledge of this fact on the date of the plea hearing (Id.).  As such, the alleged incompetent translation does not constitute new evidence and, by not objecting to the interpreter or the translation until filing the instant motion nearly two years after final judgment, Petitioner demonstrated his failure to exercise due diligence (Id.).  Petitioner entered a valid guilty plea in this matter and the Court advised him of his appeal rights, which he did not assert (doc. 77).  His judgment became final and he did not file the present motion within the requisite one-year time period.  28 U.S.C. § 2255.  Indeed, had he done so, the Court agrees with the government, having observed his demeanor, and having reviewed the transcript of his plea hearing, that Petitioner suffered neither prejudice from translation error, nor did he fail to enter his plea voluntarily, knowingly, and intelligently.

For all of these reasons, the Court DENIES Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence (doc. 385), and DISMISSES this case from the Court's docket.  The Court further DECLINES to issue a certificate of appealability because a jurist of reason would not find it debatable whether this Court is correct

in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).  Finally, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that any appeal of this Order will not be taken in good faith, and any application to appeal <u>in</u> <u>forma</u> <u>pauperis</u> will be denied.

       SO ORDERED.

Dated:  July 12, 2007                 /s/ S. Arthur Spiegel
                                    S. Arthur Spiegel
                                    United States Senior District Judge